# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| THERESE VERONICA NATTY, | : | CIVIL ACTION NOS. |
| Alien # 041363391, | : | 2:11-CV-00172-RWS-SSC |
| Plaintiff, | : | 2:11-CV-00247-RWS-SSC |
| | : | |
| v. | : | |
| | : | |
| WARDEN STACEY STONE, | : | PRISONER CIVIL RIGHTS |
| *et al.*, | : | 42 U.S.C. § 1983 |
| Defendants. | : | |
| | : | |
| | : | |

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, formerly an inmate at the North Georgia Detention Center (NGDC) in Gainesville, Georgia, has submitted two civil rights actions seeking damages as the result of her treatment there. (See Doc. 1, No. 2:11-CV-172; Doc. 1, No. 2:11-CV-247). Plaintiff has since been transferred to the Hall County Detention Center. (See Doc. 12, No. 2:11-CV-172; Doc. 5, No. 2:11-CV-247). Because Plaintiff's two complaints involve generally the same Defendants and the same or similar claims about her treatment at the NGDC and thus are likely to "involve a common question of law or fact," the undersigned finds that it would "avoid unnecessary cost or delay" to consolidate these two actions under Federal Rule of Civil Procedure 42(a).

In No. 2:11-CV-172, Plaintiff has filed a motion for an emergency injunction [Doc. 5] and an affidavit [Doc. 7] in support of her motion for leave to proceed *in*

*forma pauperis* [Doc. 2]. In her motion for an emergency injunction, filed while she was still in custody at the NGDC, Plaintiff claimed that her life was in danger as a result of threats made against her by NGDC personnel. (Doc. 5 at 1-2). Plaintiff sought "an Emergency Injunction for [her] Safety to be removed from th[e North Georgia] Detention Center." (Id. at 2). Because Plaintiff has been removed from the NGDC, her motion for an emergency injunction for her removal is now moot. See McKinnon v. Talladega Cnty., 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."); accord Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir.) (unpublished decision), cert. denied, 131 S. Ct. 517 (2010); see also Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional.") (citation omitted)).

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for an emergency injunction [Doc. 5, No. 2:11-CV-172] be **DENIED as moot**.

It is also **RECOMMENDED** that the Clerk be **DIRECTED** to **ADMINISTRATIVELY CLOSE** Case No. 2:11-CV-247 and **DOCKET** the complaint in that action as an amendment to the complaint in Case No. 2:11-CV-172, the consolidated action.

It is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2, No. 2:11-CV-172] is **GRANTED**. Because Plaintiff does not have sufficient funds in her inmate account to pay an initial partial filing fee (see Doc. 7, No. 2:11-CV-172), she shall be allowed to proceed without doing so. Nevertheless, 28 U.S.C. § 1915(b)(2) obligates Plaintiff to pay the full statutory filing fee of $350.00 as funds are deposited into her inmate account.

Specifically, the balance due on the filing fee shall be paid by Plaintiff, or on her behalf, in monthly payments in the amount of 20% of the preceding month's income credited to Plaintiff's inmate account in each month in which her account balance exceeds $10.00. The Warden of Plaintiff's place of incarceration, or the Warden's designee, **SHALL COLLECT** the monthly payments from Plaintiff's inmate account **AND REMIT** them to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full, as verified by separate notice from the Clerk to the Warden. The Clerk **IS DIRECTED TO TRANSMIT** a copy of this Order to the Warden.

Plaintiff is required to keep this Court apprised of her current address at all times while this lawsuit is pending. Service of process **SHALL NOT** issue until

3

further consideration of her consolidated action under 28 U.S.C. § 1915A.

**SO ORDERED, RECOMMENDED and DIRECTED** this 26th day of January, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

4